UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Craig Chilcote and Kerri Edblad-Chilcote, As Natural Parents and Guardians of Minor G.C., <br><br> Plaintiffs, <br><br> v. <br><br> HealthPartners Insurance Company, an ERISA benefit plan, <br><br> Defendant. | Case No.: 0-22-cv-00430-JRT-LIB <br><br><br> **ANSWER TO SECOND AMENDED COMPLAINT** |

Defendant HealthPartners Insurance Company ("HPIC"), as and for its Answer to plaintiffs' Second Amended Complaint, states as follows:

**INTRODUCTION**

1. In response to the allegations contained in Paragraph 1, HPIC admits that it issues health benefit plans governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). HPIC further admits that admits that plaintiffs bring this action under ERISA seeking the payment of health benefits. HPIC denies the remaining allegations contained in Paragraph 1.

2. In response to the allegations contained in Paragraph 2, HPIC admits that plaintiffs seek the payment of health benefits for air ambulance services. HPIC further admits that plaintiffs have exhausted HPIC's administrative appeals process. HPIC denies the remaining allegations contained in Paragraph 2.

## PARTIES

3. HPIC is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3, and as a result, HPIC denies those allegations.

4. HPIC is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and as a result, HPIC denies those allegations.

5. HPIC is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and as a result, HPIC denies those allegations.

6. In response to the allegations contained in Paragraph 6, HPIC admits that it has an agent of service located at 8170 33rd Avenue South, Minneapolis, Minnesota. HPIC denies the remaining allegations, if any, contained in Paragraph 6.

## JURISDICTION AND VENUE

7. In response to the allegations contained in Paragraph 7, HPIC admits that plaintiffs purport to bring claims under ERISA, but denies that plaintiffs have any viable claims under ERISA. HPIC further admits that the Court has jurisdiction over plaintiffs' claims under ERISA. In addition, Paragraph 7 sets forth legal conclusions to which no response is required. HPIC denies any remaining allegations contained in Paragraph 7.

## FACTUAL BACKGROUND

8. In response to the allegations contained in Paragraph 8, HPIC admits that medical records received by HPIC state that G.C. had a "history of sigmoid volvulus, most

recently s/p ileostomy revision, creation of end ileostomy and small bowel resection on 6/6/2019," and that G.C. had surgery at Cincinnati Children's Hospital. HPIC is without information sufficient to form a belief as to the truth or falsity of the remaining allegations, if any, contained in Paragraph 8, and as a result, HPIC denies those allegations.

9. In response to the allegations contained in Paragraph 9, HPIC admits that medical records received by HPIC state that on February 19, 2020, G.C. was brought to St. Mary's Medical Center in Duluth with "concern of possible obstruction and abdominal pain," and that G.C. experienced "severe pain and bilious vomiting." HPIC is without information sufficient to form a belief as to the truth or falsity of the remaining allegations, if any, contained in Paragraph 9, and as a result, HPIC denies those allegations.

10. In response to the allegations contained in Paragraph 10, HPIC admits that that medical records received from St. Mary's state that on or about February 20, 2020, St. Mary's placed an order with Guardian Flight LLC ("Guardian Flight") to provide for fixed-wing ambulance services to G.C. HPIC denies the remaining allegations contained in Paragraph 10.

11. In response to the allegations contained in Paragraph 11, HPIC admits that it has paid certain claims relating to G.C.'s care. HPIC denies the remaining allegations contained in Paragraph 11.

12. HPIC denies the allegations contained in Paragraph 12.

13. In response to the allegations contained in Paragraph 13, HPIC admits that on or about April 8, 2020, HPIC requested the run report for the February 20, 2020, flight

from Guardian Flight. Through a letter dated June 3, 2020, HPIC communicated its decision on the claim. HPIC denies the remaining allegations contained in Paragraph 13.

14. In response to the allegations contained in Paragraph 14, HPIC admits that on or about April 8, 2020, it requested the run report for the February 20, 2020, flight from Guardian Flight. HPIC denies the remaining allegations contained in Paragraph 14.

15. In response to the allegations contained in Paragraph 15, HPIC admits that, through a letter dated June 3, 2020, it communicated its decision on the claim relating the February 20, 2020, flight. In addition, Paragraph 15 purports to quote from HPIC'S June 3, 2020, letter, and HPIC states that its letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 15.

16. In response to the allegations contained in Paragraph 16, HPIC admits that on or about June 8, 2020, it issued an Explanation of Benefits ("EOB") relating to the February 20, 2020, flight. In addition, Paragraph 16 purports to quote from the EOB and HPIC states that the EOB speaks for itself. HPIC denies the remaining allegations contained in Paragraph 16.

17. In response to the allegations contained in Paragraph 17, HPIC admits that on or about August 21, 2020, it received a run report and other records relating to the February 20, 2020, flight. In addition, Paragraph 17 purports to quote from Essentia records, and HPIC states that the Essentia records speak for themselves. HPIC denies the remaining allegations contained in Paragraph 17.

18. In response to the allegations contained in Paragraph 18, HPIC admits that through a letter dated September 11, 2020, it communicated its decision on the claim

concerning the February 20, 2020, flight. In addition, Paragraph 18 purports to quote from HPIC'S September 11, 2020, letter, and HPIC states that its letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 18.

19.   In response to the allegations contained in Paragraph 19, HPIC admits that on or about October 27, 2020, it received a first level appeal from Guardian Flight relating to the February 20, 2020, flight. HPIC denies the remaining allegations contained in Paragraph 19.

20.   In response to the allegations contained in Paragraph 20, HPIC admits that on or about October 30, 2020, HPIC informed Guardian Flight that it was not authorized to initiate an appeal on behalf of plaintiffs without written authorization. HPIC denies the remaining allegations contained in Paragraph 20.

21.   In response to the allegations contained in Paragraph 21, HPIC admits that through a letter dated November 24, 2020, it requested that the Medical Review Institute of America, LLC review the denial of the claim relating to the February 20, 2020, flight. In addition, Paragraph 21 purports to quote from HPIC'S November 24, 2020, letter and HPIC states that its letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 21.

22.   In response to the allegations contained in Paragraph 22, HPIC admits that through a letter dated December 4, 2020, it denied the appeal relating to the February 20, 2020, flight. In addition, Paragraph 22 purports to quote from HPIC'S December 4, 2020, letter and HPIC states that its letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 22.

23. In response to the allegations contained in Paragraph 23, HPIC admits that through a letter dated April 30, 2021, it sent a letter to Guardian Flight and G.C. relating to appeals for the claim relating to the February 20, 2020, flight. HPIC states that its April 30, 2021, letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 23.

24. In response to the allegations contained in Paragraph 24, HPIC admits that on or about June 2, 2021, plaintiffs sought external review from the Minnesota Department of Commerce relating to the February 20, 2020, flight. HPIC further admits that on or about June 8, 2021, the Minnesota Department of Commerce sent a request for external review to the Michigan Peer Review Organization ("MPRO"), and states that request speaks for itself. HPIC denies the remaining allegations contained in Paragraph 24.

25. HPIC is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25, and as a result, HPIC denies those allegations.

26. HPIC is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and as a result, HPIC denies those allegations.

27. In response to the allegations contained in Paragraph 27, HPIC admits that through a letter dated July 1, 2021, the MRPO sent a letter to Kerri Chilcote relating to its review. HPIC states that MRPO's July 1, 2021, letter speaks for itself. HPIC denies the remaining allegations contained in Paragraph 27.

28. HPIC denies the allegations contained in Paragraph 28.

29. HPIC denies the allegations contained in Paragraph 29.

30. HPIC denies the allegations contained in Paragraph 30.

## THE PLAN

31. In response to the allegations contained in Paragraph 31, HPIC admits that plaintiff Craig Chilcote enrolled in a health insurance plan issued by HPIC (the "Plan"). HealthPartners, Inc. administered the Plan on behalf of HPIC. In addition, Paragraph 31 purports to summarize certain benefits under the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 31.

32. Paragraph 32 purports to summarize certain benefits under the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 32.

33. Paragraph 33 purports to summarize certain benefits under the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 33.

34. Paragraph 34 purports to summarize certain benefits under the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 34.

35. Paragraph 35 purports to quote from the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 35.

36. Paragraph 36 purports to quote from the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 36.

37. Paragraph 37 purports to quote from the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 37.

38. Paragraph 38 purports to quote from the Plan, and HPIC states that the Plan speaks for itself. HPIC denies the remaining allegations, if any, contained in Paragraph 38.

## LEGAL CLAIMS

### Count 1 – Plan Enforcement Under 29 U.S.C. § 1132(a)(1)(B)

39. In response to the allegations contained in Paragraph 39, HPIC admits that plaintiffs purport to bring claims under ERISA. In addition, Paragraph 39 sets forth legal conclusions to which no response is required. HPIC denies any remaining allegations contained in Paragraph 39.

40. HPIC denies the allegations contained in Paragraph 40.

41. HPIC denies the allegations contained in Paragraph 41.

42. HPIC denies the allegations contained in Paragraph 42.

43. In response to the allegations contained in Paragraph 43, HPIC admits that, through this action, plaintiffs seek certain benefits relating to the February 20, 2020, flight. HPIC denies that plaintiffs are entitled to such benefits. HPIC denies any remaining allegations contained in Paragraph 43.

44. In response to the allegations contained in Paragraph 44, HPIC admits that, through this action, plaintiffs seek certain damages, but denies that plaintiffs are entitled to such damages. HPIC denies any remaining allegations contained in Paragraph 44.

### Count 2 – Failure to Provide Full and Fair Review
### As Required by ERISA Brought Under 29 U.S.C. § 1132(a)(3)

45. Paragraph 45 contains no new allegations. In response to Paragraph 45, HPIC reasserts its answers to Paragraphs 1 through 44 above.

46. In response to the allegations contained in Paragraph 46, HPIC admits that plaintiffs purport to bring claims under ERISA. HPIC denies any remaining allegations contained in Paragraph 46.

47. HPIC denies the allegations contained in Paragraph 47.

48. HPIC denies the allegations contained in Paragraph 48.

49. HPIC denies the allegations contained in Paragraph 49.

50. HPIC denies the allegations contained in Paragraph 50.

51. HPIC denies the allegations contained in Paragraph 51.

52. HPIC denies the allegations contained in Paragraph 52.

53. HPIC denies the allegations contained in Paragraph 53.

### WHEREFORE CLAUSES

54. HPIC denies that plaintiffs are entitled to relief of any kind including any of the relief sought in the "Wherefore" section of plaintiffs' Second Amended Complaint.

55. HPIC denies that it engaged in any unlawful practice or conduct that has damaged plaintiffs or would result in a judgment in favor of plaintiffs.

56. HPIC denies each and every allegation contained in plaintiffs' Second Amended Complaint, except those allegations expressly admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or by plaintiffs' failure to comply with the procedural requirements for filing this action.

3. Plaintiffs may not recover damages to the extent they failed to mitigate their alleged damages.

4. HPIC acted in good faith and in full compliance with state and federal law at all times relevant to the events alleged in plaintiffs' Second Amended Complaint.

5. If plaintiffs were damaged as alleged, their damages were caused by their own acts or the acts of those other than HPIC.

6. Plaintiffs are not entitled to benefits under the Plan and/or HPIC did not abuse its discretion in reaching any determinations relevant to this lawsuit.

7. HPIC did not willfully, maliciously and/or negligently violate plaintiffs' rights under state or federal law.

8. Plaintiffs' claims are barred by the terms of the Plan, ERISA, and the federal common law developed pursuant to ERISA.

9. Plaintiffs have requested relief not authorized by law.

HPIC is continuing its investigation and study of all facts and circumstances of the subject matter of the Second Amended Complaint, and accordingly, reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, HPIC respectfully request that this Court:

(i) Enter judgment dismissing plaintiffs' Second Amended Complaint with prejudice;
(ii) Award HPIC its attorneys' fees, costs and disbursements incurred; and
(iii) Award HPIC any and all other relief that the Court deems just and equitable.

Dated: March 29, 2022

LARSON • KING, LLP

By: s/ David M. Wilk
    David M. Wilk  (#222860)
    Jason T. Johnson (#0399974)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101
dwilk@larsonking.com
jjohnson@larsonking.com

**ATTORNEYS FOR DEFENDANT**

4864-6013-6726